# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

PORTFOLIO RECOVERY ASSOCIATES, INC.,

    Plaintiff,

v.

PAR 3 HOLDINGS, INC. d/b/a PRA RECOVERY,

    Defendant.



2: 12cv648

## VERIFIED COMPLAINT

NOW COMES Portfolio Recovery Associates, Inc., by counsel, and for its complaint against Par 3 Holdings, Inc. d/b/a/ PRA Recovery, would show this Honorable Court as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction of the Federal claims stated herein under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

2. This Court has supplemental jurisdiction over the state claims set forth herein under 28 U.S.C. §§ 1338(b) and 1367(a).

3. Personal jurisdiction and venue are proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and because the acts of Defendant outside this District have caused harm to the Plaintiff within this District.

### PARTIES

4. Plaintiff is incorporated under the laws of the state of Delaware with its headquarters in Norfolk, Virginia, and is a publicly traded company (NASDAQ: PRAA). Plaintiff several wholly owned subsidiaries, including Portfolio Recovery Associates, LLC, PRA

1

Professional Services, LLC, PRA Receivables Management, LLC, PRA Location Services, LLC, and PRA Government Services, LLC.

5. Defendant is a New York corporation doing business as "PRA Recovery" that, according to its website, appears to operate out of East Farmingdale, New York.

## FACTUAL ASSERTIONS

6. Since its inception in 1996, Plaintiff, and at least one of its wholly owned subsidiaries, has engaged in the business of purchasing and administering debt accounts and instruments acquired from financial institutions and other corporate lenders ("Sellers").

7. Plaintiff has continually serviced large numbers of these account debtors ("Customers") with whom it has business contracts and relationships by mail, telephone, and interactive internet access.

8. Since its inception, Plaintiff has operated under the name "Portfolio Recovery Associates" (hereinafter, "Mark" and/or "Trade Name"), by which Mark Plaintiff is widely known throughout the United States.

9. Plaintiff's Mark, together with its abbreviated designations, is registered on the Principal Register of the United States Patent and Trademark Office ("USPTO"). *See* **Exhibit A** and **Exhibit B**, attached hereto.

10. The USPTO has also approved a second abbreviated designation, allowing Plaintiff to trademark the acronym "PRA," pursuant to Serial Number 85430215, thus further connecting the services offered by Plaintiff, including revenue recovery, to a single source. *See* **Exhibit C**, attached hereto.

11. At least four of Plaintiff's subsidiary entities, PRA Professional Services, LLC, PRA Receivables Management, LLC, PRA Location Services, LLC, and PRA Government

Services, LLC, conduct business, including revenue recovery services, using the dominant "PRA" acronym, and the USPTO has also approved trademark registration for each of these phrases to identify each "PRA" entity, pursuant to USPTO Serial Numbers 85482711, 85422967, 85422957 and 85422945, respectively.

12. Since June 18, 1998, Plaintiff has also owned and operated a multi-screen, interactive website under the domain name <*portfoliorecovery.com*> ("Domain Name").

13. Since its inception, Plaintiff has devoted substantial expense, time, and effort to promote and market itself, its services, its Mark, Trade Name, and Domain Name to Sellers and Customers throughout the United States by:

    a. Advertisements in financial service industry magazines that are distributed to Sellers throughout the United States;

    b. Membership in leading trade organizations among whose membership are Sellers throughout the United States;

    c. Listings in well known industry "Directories" that are consulted by Sellers throughout the United States;

    d. Attendance and participation in industry trade shows attended by Sellers throughout the United States;

    e. Direct solicitation of Sellers by mail, telephone, and in person;

    f. Contacts with Customers by mail and telephone and through its interactive website;

    g. Creation, printing and distribution of a Marketing Brochure containing proprietary materials;

      h.    Creation and operation of a multi-screen, interactive website located at its Domain Name;

      i.    Efforts to ensure its Domain Name is listed with the most widely utilized Internet search engines; and

      j.    Creation, printing and use of marketing materials, letterhead, business cards, and commercial signage.

14.    Plaintiff is a member of, and maintains an "A+" rating from, the Better Business Bureau.

15.    Plaintiff is widely known and enjoys an excellent reputation as a leader in its industry, and it has developed substantial goodwill within the industry throughout the United States as the result of its firm commitment to give debt collection a good name. Sellers greatly prefer to sell to established, reputable, and compliant companies in the industry, and Plaintiff is recognized as a leader in the industry. As a result, Plaintiff is regularly contacted by Sellers seeking to sell to Plaintiff their debt accounts and instruments.

16.    Upon information and belief, Defendant engages in the same or similar industry as Plaintiff, to wit, the collection of charged off accounts.

17.    According to its website, Defendant holds itself out as "the nations [sic] leading Collection Agency." *See* **Exhibit D**, attached hereto.

18.    On one or more occasions within the preceding five months, Plaintiff has received inquiries from Sellers and/or federal regulatory agencies regarding bad faith conduct and Customer complaints attributed to Plaintiff in connection with accounts Plaintiff does not own and which, upon belief, belong to or are being collected by Defendant.

19. Because the names of Defendant and Plaintiff are confusingly similar, at least one Seller has confused Plaintiff with Defendant and advised Plaintiff that future bad faith conduct and Customer complaints will adversely affect future business opportunities between Plaintiff and Seller.

20. Plaintiff has been compelled to spend time and effort to defend against these accusations of bad faith conduct and Customer complaints, work with Sellers to determine that Defendant, rather than Plaintiff, owns the disputed accounts, and then respond to these inquiries that result from the alleged actions of Defendant, which entity is confusingly and similarly named.

21. According to its website, Defendant receives mail at 1045 Route 109, Lindenhurst, NY 11757.

22. On or around April 9, 2012, Plaintiff notified Defendant via mail and facsimile of the third party confusion arising out of Defendant's confusingly similar name to Plaintiff and Plaintiff's subsidiary entities that use the registered "PRA" Mark to conduct business, including revenue recovery services. *See* April Letter and Facsimile Confirmation, attached hereto as **Exhibit E.**

23. On or around June 5, 2012, having received no response from Defendant, Plaintiff sent a second notice to Defendant via mail and facsimile. *See* June Letter and Facsimile Confirmation, attached hereto as **Exhibit F.**

24. To date, Plaintiff has received no response from Defendant.

## COUNT I – TRADEMARK INFRINGEMENT

25. Paragraphs 1-24 above are incorporated herein by reference.

26. The names "PRA" and "PRA Recovery" as used by the Defendant within the United States are confusingly similar to Plaintiff's Marks, "Portfolio Recovery Associates," "PRA Professional Services, LLC," "PRA Receivables Management, LLC," "PRA Location Services, LLC," and "PRA Government Services, LLC."

27. Defendant's use of the names "PRA" or "PRA Recovery" is likely to cause, and has caused, confusion or mistake and/or deceive the public into believing that Defendant is affiliated with, sponsored or endorsed by Plaintiff, within the meaning of 15 U.S.C. § 1114.

28. Actual confusion has occurred, inasmuch as Plaintiff has been accused of bad faith conduct by Sellers and/or federal regulatory agencies, including the threat of termination of a pending significant business transaction and future business opportunities, all arising from the alleged conduct of Defendant.

29. Defendant's conduct constitutes the use in interstate commerce of a counterfeit mark and a mark that is confusingly similar to Plaintiff's Mark, and constitutes an ongoing trademark infringement.

30. Plaintiff has twice given Defendant written notice and demand to cease infringing activities.

31. Defendant's infringement of Plaintiff's Mark was and continues to be willful and deliberate infringement within the meaning of 15 U.S.C. § 1114(1), and has and continues to be committed with the intent to trade on Plaintiff's goodwill.

32. As a result of the foregoing, Plaintiff has suffered injury to its business and goodwill in an amount that will be ascertained according to proof. In addition, Plaintiff is entitled to receive Defendant's profits pursuant to 15 U.S.C. § 1117(a), and to have these damages and profits trebled pursuant to 15 U.S.C. § 1117(b). In the alternative, Plaintiff is

entitled to statutory damages pursuant to 15 U.S.C. § 1117(c), and these statutory damages should be enhanced pursuant to the same section.

33. The activities of Defendant have caused and will cause irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law, in that:

    a. Plaintiff's Mark and goodwill are unique assets that give Plaintiff certain business advantages the value of which is impossible to ascertain;

    b. Defendant's use of Plaintiff's Mark and the dominant acronym "PRA" to identify recovery services, together with Defendant's trading on Plaintiff's goodwill have caused or are likely to cause Plaintiff to lose business opportunities that are afforded to Defendant in the mistaken belief that Defendant is affiliated with, sponsored or endorsed by the Plaintiff.

    c. Defendant's use of Plaintiff's Mark and/or the dominant acronym "PRA," together with Defendant's trading on Plaintiff's goodwill has caused or is likely to cause Plaintiff's goodwill to be diminished.

34. Accordingly, Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a), and to destruction of all infringing articles pursuant to 15 U.S.C. § 1118.

35. Plaintiff is also entitled to recover its damages and its costs and attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
### FEDERAL PASSING OFF, FALSE DESIGNATION OF ORIGIN, FALSE AND MISLEADING REPRESENTATIONS OF FACT

36. Paragraphs 1 through 24, above, are incorporated herein by reference.

37. Defendant's use of a trade name confusingly similar to Plaintiff and its subsidiaries constituted and continues to constitute use in interstate commerce of words, names, and combinations thereof, false designations of the origin of Defendant's business operations, and

false and misleading representations of fact, which:

    a.    Are likely to cause confusion or mistake, or to deceive others to erroneously believe that there is an affiliation, connection, or association of Defendant with Plaintiff, or that Defendant's commercial activities have the origin, sponsorship, or approval of Plaintiff, and that Defendant is organized, controlled, supervised, and approved by Plaintiff;

    b.    Misrepresent that the characteristics and qualities of Defendant's services and commercial activities are the same as, or are derived from, Plaintiff;

    c.    Misrepresent that Plaintiff is therefore responsible for Defendant's actions; all as defined and prohibited under 15 U.S.C. § 1125(a).

38.    Defendant's activities were and continue to be willful and deliberate, and have been and continue to be committed with the intention of gaining an unfair commercial advantage by reaping the benefits of the time, effort and expense that Plaintiff has invested in developing its business reputation and the intellectual property associated therewith.

39.    As a result of the foregoing, Plaintiff suffered and will continue to suffer losses and injury to its business and goodwill in an amount that will be ascertained according to proof. Accordingly, Plaintiff is entitled to relief pursuant to 15 U.S.C. § 1125(a)(1)(B).

40.    Defendants' actions are of a nature that are continuing and are likely to continue indefinitely unless restrained. Accordingly, Plaintiff is entitled to prohibitive injunctive relief to stop the continuation of the activities complained of in this Complaint, and to affirmative injunctive relief to require the assembly and destruction of all infringing articles.

## COUNT III
## FEDERAL MISAPPROPRIATION

41.    Paragraphs 1 through 24, above, are incorporated by reference.

42.    Plaintiff has invested substantial time, money, skill and effort in developing and

promoting its marketing approaches and tools, Trade Name, Domain Name, goodwill and reputation, and these things, each and in combination with each other, represent a substantial commercial value to Plaintiff, and such commercial value constitutes an intangible property right belonging to Plaintiff.

43. By doing business using a name confusingly similar to Plaintiff and its subsidiaries, and thereby using the Trade Name, goodwill and reputation of Plaintiff and its subsidiaries, Defendant has sought to reap what they did not sow and to enjoy a free ride on the intangible property interests of Plaintiff.

44. Defendant's activities constitute actionable unfair competition and misappropriation under the doctrine of *International News Service v. Associated Press*, 248 U.S. 215 (1918).

45. As a result of Defendant's activities, Plaintiff has suffered and will continue to suffer injury, which cannot be adequately compensated by money damages alone.

46. Accordingly, Plaintiff is entitled to both its money damages in an amount to be determined from the evidence, and injunctive relief.

## COUNT IV
## STATE LAW UNFAIR COMPETITION UNDER VA. CODE, SECTION 59.1-200 CONSUMER PROTECTION ACT

47. Paragraphs 1 through 24, above, are incorporated by reference.

48. Defendants activities set forth in this Complaint constitute willful violations of the Virginia Consumer Protection Act, particularly Sections 59.1-200 A.1 through A.6, and A.14, inclusively.

49. Plaintiff has been damaged as a result of such violations.

50. Accordingly, Plaintiff is entitled to an award of statutory damages, or three times its actual damages, whichever is greater, as well as an award of a reasonable reimbursement of its attorneys fees and court costs, pursuant to Va. Code Section 59.1-204, and injunctive relief, pursuant

to Va. Code, Sections 59.1-203.C., and 59.1-205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for interim relief and an award of judgment, as follows:

(1) That Defendant be ordered to pay damages, including treble damages and Plaintiff's costs incurred in this matter under the power granted in 15 U.S.C. § 1117;

(2) That Defendant and others who act in concert with it, be enjoined from

(a) directly or indirectly using the Plaintiff's marketing tools or any portions of, or derivatives of Plaintiff's marketing tools, Mark and Trade Name, or any confusingly similar marks, names, trade dress, or any counterfeit or colorable imitation thereof, or any other mark, name or trade dress which is likely to cause confusion, mistake, or to deceive, and

(b) continuing any violations of United States Federal or State Law; and that such injunction apply to both

(i) actions in the United States, its territories and possessions, and instrumentalities of commerce and communication that are located in the United States and

(ii) actions by Defendant outside the United States that are likely

(A) to enter the United States in any form or by any means or instrumentality, or

(B) to have a significant impact on commerce in the United States; and

(3) That Defendant be ordered to reimburse Plaintiff its reasonable attorneys' fees.

Respectfully submitted

PORTFOLIO RECOVERY ASSOCIATES, INC.

_____
Steven R. Zahn, Esq. (VSB# 43332)
Bradley A. Embree, Esq. (VSB#74863)
Keith McGurgan (VSB# 81249)
Portfolio Recovery Associates
140 Corporate Blvd.
Norfolk, VA 23502
Tel:   757-321-2512
Fax:   757-321-2518
szahn@portfoliorecovery.com
Counsel for the Plaintiff

## VERIFICATION

BEFORE ME the undersigned Notary Public in and for the Commonwealth of Virginia appeared Judith Sugg Scott, Executive Vice President and General Counsel of Portfolio Recovery Associates, Inc., this 27th day of November, 2012, who stated under oath as follows:

1. That she is a duly authorized officer of Portfolio Recovery Associates, Inc. and authorized to sign this Verified Complaint on its behalf; and

2. That to the best of her knowledge, information and belief, after reasonable and diligent inquiry, all facts as alleged herein are true and correct.

_____
Portfolio Recovery Associates, Inc.
By: Judith Sugg Scott, Esq.
Its: Executive Vice President and General Counsel

Nancy B. Mahlman, Notary Public

My commission expires: February 29, 2016.

